IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Anthony Stephens, #2017121276,  )<br>  )<br>            Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Jennifer L. Barry, Amy Prock, Myrtle Beach )<br>P.D. Chief of Police, Sheriff Sandra Rhodes, )<br>  )<br>           Defendants.  )<br>  ) | Case No.: 4:23-cv-6159-JD-TER<br><br><br>**ORDER AND OPINION** |

       This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (*See* DE 15.) Plaintiff Corey Anthony Stephens, #2017121276 ("Plaintiff" or "Stephens"), proceeding *pro se* and *in forma pauperis*, alleges Defendants Jennifer L. Barry ("Barry"), Amy Prock, Myrtle Beach P.D. Chief of Police, ("Prock") and Sheriff Sandra Rhodes ("Rhodes") violated his Fourth, Fifth, and Eighth Amendment Constitutional rights. (*See* DE 11.) Plaintiff alleges, among other things, that he was approached, accosted, searched, and arrested with a charge of "asleep" "on a roadway" by Barry and her partner. (DE 11, p. 5.) Plaintiff alleges Barry was not acting under a warrant. (*See* DE 11 at 7.)

       Since Stephens filed this action under 28 U.S.C. § 1915, the in forma pauperis statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

on which relief may be granted" is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Magistrate Judge reviewed the complaint and issued a Report on February 15, 2024, recommending summary dismissal for Defendants Rhodes and Prock. (*See* DE 15.) The Report indicated that the complaint did not allege facts about Chief Prock or Sheriff Rhodes individually or in their supervisory capacity. (*See id.*) The Report noted that,

> Plaintiff must allege that an individual[] personally acted in alleged violations. Generally, vicarious liability or respondeat superior is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. See *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978).

(*Id.* at 4.) Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendants Prock and Rhodes are summarily dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 19, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.