IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Anthony Stephens, ) | Case No.: 4:23-cv-06159-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Jennifer L. Berry, Amy Prock, Myrtle ) | |
| Beach P.D. Chief of Police, Sheriff ) | |
| Sandra Rhodes, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 41), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning a motion for summary judgment. (DE 37.)[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Plaintiff Corey Anthony Stephens ("Plaintiff" or "Stephens"), proceeding pro se and *in forma pauperis*, sued Defendants Jennifer L. Barry ("Berry"), Amy Prock, City of Myrtle Beach Police Department Chief of Police, and Sheriff Sandra Rhodes, under

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

42 U.S.C. Section 1983.[2] (DE 11.) Plaintiff alleges, among other things, that his constitutional rights were violated when he was arrested for sleeping in his vehicle while parked on private property. (*Id.*) On November 14, 2024, Berry moved for summary judgment, asserting that she is entitled to qualified immunity, that she had probable cause to arrest him, and that Plaintiff's challenge to his length of detention is not a plausible claim under section 1983 against her. (DE 37-1.) Because Plaintiff is proceeding *pro se*, the Court issued an Order under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising Plaintiff of the summary judgment procedures and that a failure to respond to Defendant's motion for summary judgment could result in the motion being granted and his claims dismissed. (DE 38.) Plaintiff has not responded, and his time to do so expired on December 16, 2024.

### B. Report and Recommendation

On January 28, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's claims against Defendant be dismissed for failure to prosecute under Rule 41 Fed. R. Civ. P. (DE 41.) Plaintiff has not objected to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there

---

[2] On July 19, 2024, the Court issued an order adopting the Report and Recommendation of the Magistrate Judge and dismissed Defendants Amy Prock and Sheriff Sandra Rhodes with prejudice. (DE 30.)

2

is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 41) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's claims against Defendant Jennifer L. Berry are dismissed for failure to prosecute under Rule 41(b), Fed. R. Civ. P., and this case is dismissed.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 11, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.